Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
119 E. Union Street, Ste. B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: marc.karish@kb-ip.com

Counsel for Plaintiff
S.A.N. Nutrition Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A.N. Nutrition Corporation, a Nevada Corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>American Muscle Supply, Inc. a Florida Corporation d/b/a Chrome Supps, and DOES 1-10, inclusive.<br><br>            Defendants. | Case No. 2:16-cv-8842<br><br>**1.  INFRINGEMENT OF FEDERALLY REGISTERED MARK (15 U.S.C. §1114);**<br>**2.  FALSE DESIGNATION OF ORIGIN;**<br>**3.  COMMON LAW TRADEMARK INFRINGEMENT;**<br>**4.  STATUTORY UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200);**<br>**5.  COMMON LAW UNFAIR COMPETITION**<br><br>**REQUEST FOR JURY TRIAL** |

     Plaintiff S.A.N. Nutrition Corporation, by and through its attorneys, Karish & Bjorgum, PC, respectfully submit this Complaint against American Muscle

Supply, Inc. d/b/a CHROME SUPPS and DOES 1-10 (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, false designation of origin and unfair competition, under Title 15, U.S.C. Sections 1051 *et seq.*, as amended (hereinafter the "Lanham Act").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, 1367 and the U.S. Constitution because this Complaint raises Federal questions.

3. Plaintiff S.A.N. Nutrition Corporation resides in California.

4. Upon information and belief, Defendants are subject to personal jurisdiction in the state of California because the unlawful conduct complained of herein causes injury in this judicial district, because Defendants have directed their activities at Plaintiff and its trademark, and Defendants transact business and offer their products for sale in this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

6. Plaintiff S.A.N. Nutrition Corporation ("SAN") is a corporation formed and existing under the laws of the State of Nevada and having a principal place of business at 716 N. Ventura Road #431, Oxnard California 93030.

7. Plaintiff is informed and believes, and on that basis avers, that Defendant CHROME SUPPS is the name of an unincorporated association or d/b/a of American Muscle Sports, Inc. currently doing business as chromesupps.com. As shown in Exhibit A, Defendant CHROME SUPPS has a fully interactive website www.chromesupps.com and the "CONTACT US" feature of the website allows consumers to contact the Defendants through electronic mail at

info@chromesupps.com, telephone and postal mail at the address: 2134 Espey Court, #10, Crofton, MD 21114.

8. As shown in Exhibit B, Defendant AMERICAN MUSCLE SUPPLY, INC (AMERICAN MUSCLE) is a Florida Corporation having a principal place of business at 2134 Espey Court, #10, Crofton, MD 21114.

9. As shown in Exhibit C, Defendant AMERICAN MUSCLE advertises CHROME SUPPS and Chrome Supps products, including BLAZE INTENSE on the AMERICAN MUSCLE Facebook page, www.facebook.com/americanmusclesupplyinc, and provides links directly to the CHROME SUPPS website, www.chromesupps.com.

10. Defendants DOES 1-10 are unknown entities or individuals who are also infringing or assisting with infringement of Plaintiff's "BLAZE" Mark.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff is a preeminent manufacturer of nutritional supplements and owns an extensive family of trademark registrations, including federally registered trademark No. 3,063,603 for BLAZE for use in connection with dietary and nutritional supplements (the "BLAZE Mark"). A copy of the registration is attached hereto as Exhibit D.

12. Plaintiff's BLAZE mark is applied to nutritional supplements for help with fat loss, muscle gain, endurance and general health.  These products are sold through online retailers including SAN's website www.sann.net.  Exhibit E hereto contains an exemplary web page from SAN's website.

13. Plaintiff is informed and believes, and on that basis avers, that Defendant American Muscle d/b/a Chrome Supps is offering nutritional supplements for sale in connection with the BLAZE mark on the website www.chromesupps.com.  Exhibit F hereto contains exemplary web pages from the www.chromesupps.com website.

14. The mark BLAZE used by Defendant American Muscle d/b/a Chrome Supps is identical to or confusingly similar Plaintiff's BLAZE Mark. Given the similarity of goods, the use of the mark BLAZE on the Chrome Supps nutritional supplements will cause confusion with regard to Plaintiff and cause consumers to believe that Plaintiff is the owner of, sponsors or is otherwise affiliated with Defendant American Muscle d/b/a Chrome Supps.

## FIRST CLAIM FOR RELIEF

(For Federal Trademark Infringement, 15 U.S.C. § 1114)

15. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 15 of this Complaint as if fully set forth herein.

16. SAN is the owner of all right, title, and interest in federally registered trademark No. 3,063,603 for BLAZE for use in connection with dietary and nutritional supplements ("SAN BLAZE Mark") and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

17. With actual and constructive notice of SAN's federal trademark registrations and of SAN's extensive and continuous use of the BLAZE, Defendants have used, and are continuing to use, the confusingly similar marks BLAZE and/or BLAZE INTENSE and/or BLAZE INTENSE 3G in the United States upon goods and services identical to, or similar to, the goods and services in connection with which SAN uses the SAN BLAZE Mark.

18. Defendants' use of the BLAZE mark, including in connection with dietary and nutritional supplements, is likely to cause confusion, deception, and mistake among consumers. Buyers and persons who see Defendants' product bearing the mark BLAZE and/or BLAZE INTENSE, and/or BLAZE INTENSE 3G mark will think that they are SAN's products, or are licensed or approved by SAN. This includes initial interest confusion, confusion at the time of sale, and post-sale

confusion. In actual fact, SAN does not approve Defendants' use of the SAN BLAZE Mark on any of its goods or services, and strongly objects thereto.

19. Plaintiff is informed and believes, and on that basis avers, that Defendants know that use of the mark BLAZE in connection with dietary and nutritional supplements is infringing, have reason to know that it is infringing, and/or have been recklessly indifferent to the fact that such use was and is infringing.

20. As a result of Defendants' conduct, SAN has suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial. Such damages and profits should be trebled in accordance with 15 U.S.C. §1117.

21. Defendants' acts have caused or are likely to cause, unless restrained by this Court, SAN and the public to suffer great and irreparable damage and injury through, *inter alia,* (a) a likelihood of confusion, mistake, and deception among the relevant purchasing public and trade as to the source of the CHROME SUPPS products bearing the marks BLAZE, BLAZE INTENSE, and BLAZE INTENSE 3G; and (b) the loss of SAN's valuable goodwill and business reputation symbolized by the SAN BLAZE Mark. SAN has no adequate remedy at law.

22. Defendants' continued and knowing use of the SAN BLAZE Mark without SAN's consent or authorization constitutes intentional infringement of SAN's federally registered BLAZE mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and renders this an "exceptional case" under 15 U.S.C. § 1117(a). Based on such conduct, SAN is entitled to injunctive relief as well as monetary damages, and other remedies provided by Sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CLAIM FOR RELIEF

(For False Designation Of Origin, 15 U.S.C. § 1125(a))

23. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 22 of this Complaint as if fully set forth herein.

24. Plaintiff built considerable goodwill and public recognition in the SAN BLAZE Mark.

25. Plaintiff does not authorize or consent to Defendants' use of the SAN BLAZE Mark. Defendants' use of BLAZE, BLAZE INTENSE and BLAZE INTENSE 3G by, without limitation, use in promoting and offering for sale in connection with dietary and nutritional supplements is likely to cause, confusion, mistake, and/or deception of others as to the origin, sponsorship, approval, affiliation, or association of Defendants' goods and services and Plaintiff's goods and services, in violation of the Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

26. Defendants' use of the marks BLAZE, BLAZE INTENSE and BLAZE INTENSE 3G has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial by, *inter alia*, confusing fans and promoters, and constitutes unfair competition and infringement of Plaintiffs' marks in violation of 15 U.S.C. § 1125(a).

27. Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

28. Plaintiff is informed and believes, and on that basis avers, that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiff's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's SAN BLAZE Mark.

## THIRD CLAIM FOR RELIEF

(For Common Law Trademark Infringement)

29. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 28 of this Complaint as if fully set forth herein.

30. The above-described acts of Defendants constitute common law trademark infringement. Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which it has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

31. Plaintiff is informed and believes, and on that basis avers, that the foregoing acts of the Defendants are fraudulent, oppressive, willful and malicious in that they have been undertaken with a conscious disregard of Plaintiff's rights and with a desire to injure Plaintiff's business and to improve their own, and entitle Plaintiff to punitive or exemplary damages.

## FOURTH CLAIM FOR RELIEF

(For Unfair Competition, Cal. Bus. & Prof. Code §17200)

32. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 31 of this Complaint as if fully set forth herein.

33. Defendants' actions as described herein constitute unlawful, unfair or fraudulent business practices as those terms are defined in Cal. Bus. & Prof. Code § 17200.

34. Plaintiff is entitled to restitution or disgorgement of all profits gained by Defendants as a result of their unfair competition. They are further entitled to an injunction against further unfair business practices.

35. Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## FIFTH CLAIM FOR RELIEF

(For Common Law Unfair Competition)

36. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 35 of this Complaint as if fully set forth herein.

37. The above-described acts of Defendants constitute common law unfair competition in that Defendants are passing off their goods and services as those of the Plaintiff. Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

38. Plaintiff is informed and believes, and on that basis avers, that the foregoing acts of the Defendants are willful and malicious in that they have been undertaken with a conscious disregard of the Plaintiff's rights and with a desire to injure the Plaintiff's business and to improve their own, such that punitive or exemplary damages should be awarded against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment and declaration in favor of Plaintiff and against Defendants as follows:

A. Preliminarily and permanently enjoining and restraining Defendants, all entities under their control, as well as their licensees, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

      (1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the BLAZE Mark, or any terms, designs or styles confusingly similar thereto; or

      (2) doing any act or thing that is likely to induce the belief that Defendants' goods or services, or activities are in some way connected with Plaintiff and/or Plaintiff's business, or that is likely to injure or damage Plaintiff or its BLAZE Mark; and

B.    Ordering Defendants to:

      (1) pay Plaintiff the compensatory damages sustained by Plaintiff as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

      (2) pay Plaintiff punitive damages as a consequence of the willful and wanton acts alleged herein;

      (3) account for and pay over to Plaintiff all gains, profits and advantages derived but it from the unlawful acts alleged herein and/or as a result of unjust enrichment;

      (4) deliver up for destruction all materials that bear the term BLAZE, BLAZE INTENSE, and/or BLAZE INTENSE 3G, including without limitation all letterhead, signage, brochures, labels, stickers, trade show displays and materials, written materials and other promotional materials;

      (5) deliver up for destruction all products that infringe on the BLAZE, Mark;

      (6) reimburse Plaintiff for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements;

      (7) pay Plaintiff's costs of corrective advertising.

1       C.    Awarding Plaintiff such other and further relief as this Court may
2 deem equitable.

4 Dated: November 29 , 2016         KARISH & BJORGUM, PC

6                                     By:  /s/ Marc Karish
                                       Marc Karish
7                                     Attorneys for Plaintiff S.A.N.
8                                     NUTRTITION CORPORATION

**REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by this Complaint which are properly triable to a jury.

Dated: November 29, 2016

KARISH & BJORGUM, PC

By: _/s/ Marc Karish_____
Marc Karish
Attorneys for Plaintiff S.A.N.
NUTRTITION CORPORATION

COMPLAINT